UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In Re:

**Sharon Robinson Harvey**　　　　　　　Case No.  10-82247
　　　　　　　　　　　　　　　　　　　　Chapter   13

Soc. Sec. No. xxx-xx-9861
Mailing Address:931 Belvin Avenue, Durham , NC 27704-

　　　　　　　　　　　Debtor

# MOTION TO MODIFY PLAN

**NOW COMES the Debtor**, by and through counsel undersigned, who moves, under authority of 11 U.S.C. § 1329, to modify the Chapter 13 plan in this case, and in support hereof, the Debtor shows unto this Court the following:

1. This case was filed on December 10, 2010, with the Chapter 13 plan being subsequently confirmed on March 21, 2011.

2. The Debtor proposes to modify the Chapter 13 plan in this case in the following respects:

    From:　$524.00 per month.

    To:　$524.00 per month through June, 2011, followed thereafter by $167.00 per month, starting in July, 2011.

3. The changed circumstances that justify the proposed modification are as follows: The Debtor's 2009 Nissan Altima 2 vehicle was damaged in a car accident on or about 5/15/11. Said vehicle secures a claim held by Nissan Motor Acceptance Corporation. Said claim was being paid "inside" this Chapter 13 case. There is presently an unpaid principal balance due on this secured claim in the amount of approximately $23,075.49. The insurance company responsible for providing property damage insurance has declared the vehicle a "total loss", and is offering, by way of property damage settlement, to pay the sum of $17,756.13.

4. To facilitate the proposed modification, the Debtor hereby surrenders any interest she may have in the said wrecked vehicle.

5. Since the property damage settlement is less than the unpaid principal balance of said creditor's said secured claim, the entire settlement has been or will be paid to said creditor. This will leave this creditor with a residual unsecured claim in the amount of $5,319.36.

6. In addition, since the Debtor is surrendering her interest in said vehicle, it is no longer necessary to continue treating said creditor's claim as secured. Not having to continue treating said claim as secured, it is possible to lower the Debtor's plan payment, thereby freeing up money necessary to help the Debtor acquire and finance dependable alternate transportation.

7. An updated Schedule I and J (Income and Expenses) is attached herewith. As noted, all of the money freed up by this proposed modification is reasonably necessary to fund the cost of dependable alternate transportation.

8. The proposed modification conforms to the standards of confirmation set out in 11 U.S.C. §§ 1322 and 1325.

### Appended Application for an Additional Attorney Fee

9. Counsel for the Debtor further applies herein, in accordance with Bankruptcy Rule 2016(b), for approval an attorney fee in the amount of $250.00 to pay for the reasonable value of the services rendered, and to be rendered, with respect to this motion to modify, including, without limitation, the following:

   a. Calls from and to the Debtor to discuss changes in her situation which necessitate this motion, to explain the procedures and requirements involved, and to advise the Debtor accordingly; and
   b. Contact with the Trustee's office concerning the proposed modification; and
   c. Re-evaluating and recalculating the Chapter 13 plan in this case; and
   d. Drafting this Motion and Certificate of Service; and
   e. Service of the Motion on all interested parties, which includes all creditors scheduled in this case, at the expense of the undersigned law firm; and
   f. Filing of the Motion; and
   g. Prospective attendance with Debtor at the hearing upon the motion, if any; and
   h. Prospective drafting and filing of the proposed Order and Deputy Clerk's Certificate of Service; and
   i. Prospective follow-up instructions to client, as will be necessary, following the granting of this motion.

   j. In the case of a total loss situation, the whole process of gathering information from both client and insurance adjuster specific to the insurance claim, advising the Debtor as to all possible options, including among them, the advantages and disadvantages of continuing in Chapter 13, what to do to get another vehicle, what to do for transportation in the meantime, and how to work with and react to insurance adjusters. In addition, there was the time spent in having to explain to the insurance adjuster how bankruptcy law necessarily modifies the normal handling of the insurance claim.

These services were not taken into account in the contract for legal services entered into between the

undersigned and the Debtor.

WHEREFORE, the Debtor prays that this Court grant her Motion, and modify the Chapter 13 plan accordingly. In addition, counsel undersigned requests that this Court approve a fee in the amount of $250.00 to compensate undersigned for the services rendered or to be rendered with respect to this motion, said fee to be paid by the Chapter 13 Trustee as an administrative claim in this case.

Dated: June 13, 2011

**LAW OFFICES OF JOHN T. ORCUTT, P.C.**

/s Koury L. Hicks

Koury L. Hicks
North Carolina State Bar No.: 36204
1738 Hillandale Rd. Ste. D
Durham , N.C. 27705
(919) 847-9750

**CERTIFICATE OF SERVICE**

I, Koury Hicks, certify under penalty of perjury that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age and that on June 13, 2011 , I served copies of the foregoing **MOTION TO MODIFY PLAN** by regular first-class U.S. mail, addressed to the following parties:

Richard M. Hutson, II
Chapter 13 Trustee
P.O. Box 3613
Durham, N.C.  27702-3613

Michael West
U.S. Bankruptcy Administrator
P.O. Box 1828
Greensboro, N.C. 27402-1828

Sharon Robinson Harvey
931 Belvin Avenue,
Durham , NC 27704-

Nissan Motor Acceptance
Attn: Managing Agent
PO Box 660366
Dallas, TX 75266-

Nationwide Mutual Insurance
5525 Parkcenter Circle, CO-02-17
Dublin OH 43017

All creditors  with duly filed claims as listed on the Trustee's website

                                              /s Koury Hicks
                                              Koury Hicks